UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERI ALICIA DEGUZMAN,<br><br>           Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | Case No.: 19cv1328-BLM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**<br><br>**[ECF NO. 6]** |

The instant matter was initiated on July 16, 2019 when Plaintiff filed a complaint "to review a decision of the Commissioner of Social Security denying plaintiff's application for Social Security Disability Insurance and Supplemental Security Income benefits for lack of disability." ECF No. 1.

On July 17, 2019, Plaintiff filed an application for leave to proceed *in forma pauperis*. ECF No. 3. A review of the application by the Court showed that Plaintiff failed to complete the application. Id. at 2. On July 18, 2019, the Court issued an Order Denying Plaintiff's Application to Proceed without Prepayment of Fees. ECF No. 4. In the order, the Court informed Plaintiff that she could resubmit her request with a completed form AO 239 (Rev. 01/15), Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form). Id.

On August 5, 2019, Plaintiff resubmitted her Application to Proceed in District Court

1

Without Prepaying Fees or Costs. ECF No. 6.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity,

definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied her burden of demonstrating that she is entitled to IFP status. According to her affidavit in support of application, Plaintiff, who has full custody of her fifteen year old son, has no income except the $960 she receives each month in public assistance (snap, EBT, Calfresh, food stamps, Cash Aid, Calworks, and welfare).[1] ECF No. 6 at 2, 6. Plaintiff's monthly expenses are approximately $832 and include rent, car insurance, food, and utilities. Id. at 4. Plaintiff owns a car valued at $1629.00 and has $4.00 in her checking account. Id. at 2-3, 10. Despite a court order, the father of Plaintiff's son has failed to pay his monthly child support obligation of $301 and owes Plaintiff approximately $12,000 in back pay, but no one is able to locate him. Id. at 3, 6. Based on the foregoing, the Court finds that Plaintiff has established that she is unable to pay the $400 filing fee without impairing her ability to pay for life's necessities. See Adkins, 335 U.S. at 339–40. Accordingly, Plaintiff's motion to proceed in forma pauperis is **GRANTED** and **IT IS HEREBY ORDERED**:

1. The United States Marshal Service shall serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to

---

[1] Plaintiff's affidavit also shows that Plaintiff was employed and making approximately $2,915 in gross monthly pay. ECF No. 6 at 2. In reaching its decision, the Court assumes that Plaintiff is no longer employed by the two companies she lists, although it is unclear as Plaintiff includes a start date for each job, but fails to include an end date. Id.

include a Certificate of Service may be disregarded.

**IT IS SO ORDERED**.

Dated: 8/8/2019

Hon. Barbara L. Major
United States Magistrate Judge